UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| NATALIA WACHTEL<br>2230 George C. Marshall Dr., No. 511<br>Falls Church, VA 22043,<br><br>        Plaintiff,<br><br>        v.<br><br>JTG, INC.,<br>8245 Boone Blvd., Ste. 700<br>Vienna, VA 22182<br><br>   Serve:  Ahmed Shehata<br>            8245 Boone Blvd., Ste. 700<br>            Vienna, VA 22182<br><br>   and<br><br>AHMED SHEHATA<br>8245 Boone Blvd., Ste. 700<br>Vienna, VA 22182,<br><br>        Defendants. | Case No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Natalia Wachtel by and through her attorneys, Alan Lescht and Associates, P.C., and complains about Defendant JTG, Inc., and Defendant Ahmed Shehata (collectively, "Defendants"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover unpaid overtime wages and to recover damages for retaliation for engaging in protected activity, as prohibited by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Defendants misclassified Plaintiff as an exempt employee under FLSA, and failed to pay her overtime wages. On March 13, 2017, Defendants terminated Plaintiff's employment in retaliation for opposing Defendants' unlawful pay practices.

**JURISDICTION AND VENUE**

3. This Court maintains federal question jurisdiction over this action pursuant to 29 U.S.C. §§ 201 *et seq.* and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Plaintiff was, at all relevant times herein, a domiciliary of the Commonwealth of Virginia. Plaintiff resides at 2230 George C. Marshall Drive, No. 511, Falls Church, VA 22043.

6. At all relevant times, Plaintiff was an employee within the meaning of the FLSA.

7. Defendant JTG, Inc. ("JTG"), is a Virginia stock corporation with a principal office located at 8245 Boone Blvd., Suite 700, Vienna, Virginia 22182.

8. At all relevant times, JTG was an employer within the meaning of 29 U.S.C. § 203(d).

9. Defendant Ahmed Shehata is President and Chief Executive Officer of JTG.

10. At all relevant times, Shehata was an "employer" within the meaning of 29 U.S.C. § 203(d).

**FACTS**

*Background*

11. On information and belief, JTG is a language and cross-cultural communications consulting firm that supports homeland security, intelligence, and global business clients. As is pertinent here, JTG offers 24/7 language translation services to government agencies.

12. Plaintiff began working for Defendants on or about April 29, 2014, in the position of "Project Manager." Plaintiff was classified as a full-time, exempt, at-will employee, and her annual

salary was $50,000.

13. In or around July 2015, Defendants gave Plaintiff a raise, making her annual salary $54,000.

14. In or around May 2016, Defendants further increased Plaintiff's annual salary to approximately $55,620.

*Defendants misclassified Plaintiff as exempt.*

15. According to the offer letter she received from Defendants, Plaintiff's duties included overseeing and performing project management on contracts and language translation tasks; managing teams of Translators, Editors, Graphic Designers and Quality Control Specialists; and managing operational aspects of ongoing contract translation tasks.

16. Despite the "management" job duties described in Plaintiff's employment offer letter, Plaintiff's position was clerical in nature and simply consisted of forwarding translation requests from clients to Translators and returning completed translations to the clients.

17. Plaintiff did not qualify for the executive employee exemption because Plaintiff's primary duty was not managing JTG, or a customarily recognized department or subdivision of JTG. She did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent. She did not have the authority to hire or fire other employees.

18. Plaintiff did not qualify for the administrative employee exemption because her job duties did not require her to exercise discretion and independent judgment with respect to significant matters.

19. Plaintiff did not qualify for the professional employee exemption because her job duties did not require the consistent exercise of discretion and judgment or advanced knowledge in a field of science or learning.

20. Plaintiff did not meet the requirements for any other exemption under the FLSA.

*Defendants failed to pay Plaintiff overtime wages.*

21. Because Plaintiff was not an exempt employee, Defendants should have paid her overtime wages for hours over 40 worked in a workweek.

22. JTG defines a workweek as seven consecutive days (*i.e.*, 168 hours) starting on Saturday and ending on Friday.

23. Defendants knowingly, intentionally, and maliciously misclassified Plaintiff's position to avoid paying her earned overtime wages.

24. Between May 2014 and March 2017, Defendants failed to pay Plaintiff $10,595.11 in overtime wages.

*Defendants retaliated against Plaintiff for opposing unlawful pay practices.*

25. Defendants required Plaintiff to work additional hours without compensation.

26. In December 2015, Teresa Folhart, JTG's Finance and Accounting Manager/Human Resources Liaison, instructed headquarters employees, including Plaintiff, that their time sheets should reflect that they worked for 8.5 hours of work each day, beginning at 7:30 a.m., even if they arrived before 7:30 a.m., or worked more than 8.5 hours.

27. In October 2016, Plaintiff informed her supervisor, Leyla Blanco, that Plaintiff had worked 15 hours in excess of the hours for which she was scheduled. In response, Ms. Blanco told Plaintiff that working "95 hours [per pay period] is nothing crazy…especially in the US."

*Defendants refused to pay Plaintiff for on-call and overtime work.*

28. In or around October 2016, Defendants obtained a contract to provide 24/7 translation services to the U.S. Department of State (hereinafter, the "State Department").

29. Beginning in January 2017, Plaintiff was scheduled to be "on call" on one weekend per month to support the State Department contract. When she was on-call, Plaintiff was required to

forward any translation requests to the proper translator, and then to submit the completed translation to the State Department.

30. Plaintiff asked Ms. Blanco when the on-call shift would begin and end and if she would receive additional pay. However, Ms. Blanco did not provide answers to Plaintiff's questions.

31. Plaintiff was also assigned on-call weekend shifts in February and March 2017.

32. During a meeting on February 1, 2017, Plaintiff, again, opposed working on the weekends without additional compensation. Shehata told Plaintiff that she would be "held accountable" if she did not work on the weekends.

33. Plaintiff believed that Defendant should pay employees for working the on-call shifts, and Plaintiff continued to ask Defendant about the schedule and compensation for on-call work. On February 23, 2017, Ms. Blanco told Plaintiff, "[T]his needs to stop- and let me know if you're doing [the weekend shift] or not." Ms. Blanco further threatened Plaintiff by telling her that her job description was broad enough to require the weekend work, "especially taking into account the contract you were originally hired for won't even cover one full time [project manager] at this point."

34. Plaintiff continued to oppose Defendants' requirement that she work on the weekends without pay. Shehata terminated Plaintiff's employment on March 13, 2017. He refused to tell Plaintiff why she had been fired.

**COUNT 1**
(Fair Labor Standards Act – Failure to pay overtime wages)

35. Plaintiff repeats and realleges the allegations above, as if fully set forth herein.

36. Plaintiff was a non-exempt employee entitled to overtime wages under the FLSA.

37. Defendants misclassified Plaintiff as exempt and failed to pay her overtime wages.

38. By and through their conduct, Defendants violated the FLSA.

5

39. Defendants acted intentionally, maliciously, and with conscious disregard of or reckless indifference to Plaintiff's rights.

40. As a result, Plaintiff has sustained damages, including lost overtime wages, liquidated damages, and attorney's fees and costs.

## COUNT 2
### (Fair Labor Standards Act – Retaliation)

41. Plaintiff repeats and realleges the allegations above, as if fully set forth herein.

42. Plaintiff engaged in protected activity by opposing what she believed to be Defendants' violations of the FLSA.

43. Defendants retaliated against Plaintiff for her protected activity by terminating her employment.

44. By and through its conduct, Defendants violated the FLSA.

45. Defendants acted intentionally, maliciously, and with conscious disregard of or reckless indifference to Plaintiff's rights.

46. As a result, Plaintiff sustained damages including lost wages and benefits; compensatory damages for mental anguish, emotional distress, pain and suffering; and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all Counts.

**WHEREFORE**, Plaintiff demands that the Court enter judgment against Defendants, jointly and severally, on all Counts and award Plaintiff damages in an amount to be determined by the jury, and consisting of lost wages and benefits, liquidated damages, compensatory damages for pain and suffering, punitive damages, an amount equal to the pre- and post-judgment interest on any award, attorney's fees, costs, and any such other relief as the Court deems just and proper.

Date: May 30, 2017                    RESPECTFULLY SUBMITTED,

Alan Lescht and Associates, P.C.

By:    /s/ August Johannsen

Sara McDonough [Va. Bar No. 86376]
August Johannsen [Va. Bar No. 89284]
1050 17th Street, N.W., Suite 400
Washington, D.C. 20036
T: 202.463.6036
F: 202.463.6067
sara.mcdonough@leschtlaw.com
august.johannsen@leschtlaw.com
*Attorneys for Plaintiff*