IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATALIA WACHTEL, <br><br> *Plaintiff,* <br><br> v. <br><br> JTG, INC., *et al.*, <br><br> *Defendants.* | Civil Action No. 1:17-cv-620 <br> Hon. Liam O'Grady <br> Hon. Michael S. Nachmanoff |

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion to Dismiss the Claim for Punitive Damages (Dkt. No.7), and Defendant Ahmed Shehata's Motion to Dismiss for failure to state a claim. (Dkt. No. 10). For the reasons set forth below, the Motion to Dismiss the Claim for Punitive Damages is **GRANTED** and the Motion to Dismiss for failure to state a claim is **DENIED**.

### I. BACKGROUND

Plaintiff, Natalia Wachtel, is a former employee of Defendant JTG, Inc., a Virginia corporation offering language and cross-cultural communications consulting services with its principal place of business in Virginia. Defendant, Ahmed Shehata is the President and Chief Executive Officer of JTG, Inc. Plaintiff was hired by Defendants on or about April 29, 2014 in the position of "Project Manager." Plaintiff was classified in this position as a full-time, exempt, at-will employee with an annual salary of $50,000. Plaintiff received two raises over the next two years culminating in a salary increase to $55,620 on May 2016. Plaintiff's listed duties

included: overseeing and performing project management on contracts and language translation tasks; managing teams of Translators, Editors, Graphic Designers and Quality Control Specialists; and managing operational aspects of ongoing contract translation tasks. Plaintiff avers that her actual job duties were limited to forwarding translation requests from clients to translators and returning completed translations to the clients. Consequently, Plaintiff avers that she was mischaracterized as an "exempt" employee by Defendant JTG. Assuming Plaintiff should not have been exempt, she should have been paid overtime whenever she worked over forty hours in a workweek. Plaintiff avers that Defendants knowingly misclassified Plaintiff's position to avoid paying her $10,595.11 in overtime wages between May 2014 and March 2017.

Plaintiff highlights a number of other instances in which she was not properly credited for her hours. In December 2015, JTG's Finance and Accounting Manager/Human Resources Liaison instructed Plaintiff and other employees at Defendant JTG's headquarters to only record 8.5 hours of work each day beginning at 7:30 a.m. even if they arrived before 7:30 a.m. or worked more than 8.5 hours. In October 2016, Plaintiff informed her supervisor that she had exceeded the scheduled times by 15 hours during the pay period. Plaintiff was told that working "95 hours is nothing crazy . . . especially in the US." Dkt. No. 1 ¶ 27. In January 2017, Plaintiff was scheduled to work "on call" one weekend per month in support of Defendant JTG's contract to provide 24/7 translation services to the U.S. Department of State. The "on call" designation required Plaintiff to forward any translation requests to the proper translator and then submit the completed translation to the State Department. Plaintiff asked her supervisor for the start and end dates for the shift and whether she would receive additional compensation but she was not given an answer. Plaintiff declared her opposition to working the weekends without further compensation during a February 1, 2017 meeting. Defendant Shehata told Plaintiff that she

would be held accountable if she did not work the weekend shifts. On February 23, 2017, Plaintiff's supervisor told her to stop complaining about the compensation for weekend work and confirm that Plaintiff would complete the on call assignments. Plaintiff was terminated by Defendant Shehata on March 13, 2017. She was not provided a reason for the firing.

Plaintiff filed a Complaint on May 30, 2017 alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages and terminating Plaintiff's employment in retaliation for her opposition to Defendants' pay practices. Plaintiff seeks compensation for lost wages as well as punitive damages. Defendants moved to dismiss the punitive damages claim and Defendant Shehata has moved to dismiss for failure to state a claim. The matter has been fully briefed by the parties. The Court took the matter under advisement without hearing.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court " 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the

3

plaintiff.' " *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.' " *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. DISCUSSION

Defendants jointly move to dismiss the claim for punitive damages and Defendant Shehata independently moves to dismiss the Complaint against him for failure to state a claim. The memorandum addresses these issues in turn.

#### A. **Motion to Dismiss Punitive Damages**

Defendants contend that the FLSA does not permit claims for punitive damages. Plaintiff does not respond to this argument in her memorandum in opposition to the Motions to Dismiss.

The remedies provision of the FLSA, 29 U.S.C. § 216(b) does not specifically provide for punitive damages. For this reason, this Court and the Fourth Circuit Court of Appeals have held that punitive damages are not recoverable under the FLSA. *See Lanza v. Sugarland Run Homeowners Ass'n, Inc.*, 97 F. Supp. 2d 737, 742 (E.D. Va. 2000) ("[W]here, as here, the statute makes no explicit mention of punitive damages and the remedial scheme makes clear that the right afforded to aggrieved employees is compensatory in nature, courts may not engraft punitive damages onto the statute."); *see also Jackson v. Estelle's Place*, LLC, 391 F. App'x 239, 247 (4th Cir. 2010) (unpublished) ("[P]unitive damages and reinstatement or other injunctive relief are not available for claims under the FLSA."); *Muchira v. Al-Rawaf*, No. 1:14-CV-770 AJT/JFA, 2015 WL 1787144, at *12 (E.D. Va. Apr. 15, 2015), *aff'd*, 850 F.3d 605 (4th Cir.

4

2017), *as amended* (Mar. 3, 2017) ("[P]unitive damages may not be recovered for a violation of the FLSA.).

For this reason, Plaintiff cannot sustain a claim for punitive damages under the FLSA.

B. **Motion to Dismiss as to Defendant Shehata**

Defendant Shehata contends that Plaintiff has failed to state a claim for relief against him because Plaintiff has failed to allege facts sufficient to show that Shehata was liable under the FLSA.

The "FLSA conditions liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016). "To determine whether the employer-employee relationship exists, courts apply the 'economic reality' test." *Id.* "Relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quotations and citations omitted).

Defendant Shehata contends that the sole allegation in the Complaint that he is Plaintiff's employer is the conclusory assertion that "[a]t all relevant times, Shehata was an 'employer' within the meaning of 29 U.S.C. § 302(d)." Defendant Shehata submits that this conclusory allegation fails to satisfy any of the four factors of the economic reality test and therefore dismissal of the counts against him is warranted.

Plaintiff counters that she has sufficiently alleged that Defendant Shehata was her employer. Specifically, Plaintiff alleges that Shehata is JTG's "President and Chief Executive Officer", Dkt. No. 1 at ¶ 9; that Shehata terminated Plaintiff's employment, *id.* at ¶ 34; and

5

Shehata told Plaintiff that she would be held accountable if she did not work on the weekends. *Id.* at ¶ 32. Plaintiff asserts that the last fact makes plausible that Defendant Shehata controlled her work schedule and conditions of employment.

Plaintiff has plausibly alleged that Defendant Shehata had the power to fire her and supervised and controlled her work schedule. Given these factual allegations, dismissal of the claims against Defendant Shehata is not warranted under Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss the Claim for Punitive Damages is **GRANTED** (Dkt. No. 7) and the Motion to Dismiss for failure to state a claim is **DENIED**. (Dkt. No. 10).

An appropriate order shall issue.

August 14, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge